ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| KRESS STORES OF PUERTO RICO, INC. Y OTROS<br><br>Apelantes<br><br>v.<br><br>WAL-MART PUERTO RICO, INC. Y OTROS<br><br>Apelados | TA2025AP00699 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.: SJ2020CV04100<br><br>Sobre: Enriquecimiento Injusto |
| _____ | CONSOLIDADO CON: | _____ |
| KRESS STORES OF PUERTO RICO, INC. Y OTROS<br><br>Peticionarios<br><br>v.<br><br>WAL-MART PUERTO RICO, INC. Y OTROS<br><br>Recurridos | TA2025CE00929 | Certiorari procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.: SJ2020CV04100<br><br>Sobre: Enriquecimiento Injusto |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 11 de marzo de 2026.

Kress Stores of Puerto Rico, Inc. ("Apelante" o "Kress") solicita la revocación de la *Resolución* que emitió el Tribunal de Primera Instancia, Sala de San Juan ("TPI"), el 26 de noviembre de 2025, notificada el 1ro de diciembre de 2025. Mediante esta el foro primario, reconsideró parcialmente su dictamen de permitir

la demanda enmendada.  Entre otras cosas, determinó que "no se permite que Kress Stores of Puerto Rico, Inc., se una como demandante" ni permitió la enmienda a la definición de clase.

Por las razones que exponemos a continuación, expedimos el auto de *certiorari* y revocamos la *Resolución* recurrida.

## I.

El 6 de agosto de 2020 las tiendas Kress, Junelba, Capri, J.M.J. Appliances Corp., Valija Gitana, Inc. y Humberto Vidal, Inc. presentaron una demanda de clase contra Walmart & Sam's Club, Costco, Walgreens y CVS.  En particular, en la demanda, Kress se identificó como "Kress Stores of Puerto Rico, Inc.", un negocio familiar fundado en 1963, dedicado a la venta de ropa de mujeres y de niños al detal a través de toda la Isla, con alrededor de treinta y ocho (38) tiendas.  Indicaron que habían sido afectados adversamente por las megatiendas y grandes cadenas de farmacias, quienes vendieron, en violación de la Orden Ejecutiva, ropa, zapatos, enseres, televisores, electrodomésticos y un sinnúmero de artículos misceláneos que no constituyen artículos de primera necesidad. Sostuvieron que las ventas debieron haber esperado al cese de la efectividad de la Orden Ejecutiva por la pandemia, cuando los comerciantes locales habrían tenido la oportunidad de competir de manera legal, leal, justa y equitativa. Reclamaron pérdidas económicas, como resultado de las violaciones a las Órdenes Ejecutivas y por las prácticas comerciales injustas y desleales efectuadas.

Luego de emplazar a demandados, el 19 de agosto de 2020, la parte demandante interpuso una *Demanda de Clase Enmendada*.  Reclamaron daños y perjuicios, enriquecimiento injusto y daños en concepto punitivo, reparador y en equidad.

El 20 de agosto de 2020, los demandantes solicitaron la expedición de nuevos emplazamientos para notificar la demanda de clase enmendada. El 2 de septiembre de 2020, los demandantes presentaron una *Moción sometiendo diligenciamiento de emplazamientos*.

El 8 de septiembre de 2020, Costco presentó una *Moción sobre Traslado y Solicitud de Paralización de Procedimientos p*or razón de una Solicitud de Traslado (Notice of Removal) a la Corte Distrito de los Estados Unidos, Distrito de Puerto Rico. En respuesta, el 10 de septiembre de 2020, el foro de primera instancia desestimó sin perjuicio la acción por razón de *Removal* a la Corte Federal.[1]

A más de cuatro (4) años en la corte federal, el caso fue desestimado por falta de jurisdicción. Recibido el caso en *remand* de la Corte Federal, el 21 de febrero de 2025, el foro primario le ordenó al demandante que informara en veinte (20) días el estado del caso.[2]

El 4 de marzo de 2025, la Parte Demandante presentó una *Moción en Cumplimiento de Orden e Informativa*. Allí indicó que en la esfera federal las partes efectuaron el descubrimiento de prueba y peticionó que culminara el trámite pendiente. Solicitó la vista para la certificación de la clase e indicó que sometería una Segunda Demanda de Clase Enmendada.

Ese mismo día, presentó una *Moción Solicitando Autorización para Presentar Segunda Demanda de Clase Enmendada*. La parte demandante aseveró que el 19 de agosto de 2020, presentó una Demanda de Clase Enmendada y que las partes codemandadas fueron debidamente emplazadas. Que, sin

---

[1] SUMAC TA, apéndice, entrada 18.
[2] SUMAC TA, escrito de apelación, apéndice entrada 19.

que las partes hubiesen presentado la contestación a la demanda de clase enmendada, el 8 de septiembre de 2020, Costco solicitó la paralización de los procedimientos por haber presentado una Solicitud de Traslado ante la Corte de Distrito de los Estados Unidos.  Para su petitorio, el demandante aludió a la Regla 13.1 de Procedimiento Civil, atinente a la enmienda de las alegaciones. Así mismo, informó que, "la presentación de esta Segunda Demanda de Clase Enmendada se hace necesaria, pues especifica y enfoca las controversias entre las partes, y es oportuna en la medida en que se está presentado tan pronto este Tribunal recibió el *remand* de la Corte de Distrito. En ese sentido, no existe un impacto entre el tiempo transcurrido."[3]

Así pues, en la segunda demanda enmendada dejó como demandantes a Kress, JMJ, Valija Gitana, Humberto Vidal y la clase representada por estos. Como demandados permanecieron Costco, Sams y Walmart.  En particular los demandantes Kress incluyeron a Almacenes Kress de Cayey, Inc. y, además, mencionaron a Kress Stores of Puerto Rico, Inc., como un "negocio familiar que se encargaba del almacenaje, logística, compra y distribución de la mercancía, y cobraba un porcentaje determinado por dicho servicio a Almacenes Kress de Cayey, Inc."[4]

El 4 de marzo de 2025, y notificada al siguiente día, el tribunal de primera instancia autorizó la *Segunda Demanda Enmendada*.

En desacuerdo, el 20 de marzo de 2025, Costco interpuso una *Moción de Reconsideración Parcial*.  Informó que, durante el proceso en el tribunal federal, habían contestado la demanda de

---

[3] SUMAC TA, escrito de apelación, apéndice entrada 22.
[4] SUMAC TPI, entrada 22.

clase enmendada. Señaló que no se debía permitir la enmienda para incluir alegaciones de imputación de actuaciones colusorias, concertadas o solidarias entre las demandadas Walmart y Costco.

El 25 de marzo de 2025, Walmart se unió a la Moción de Reconsideración Parcial que presentó Costco.

El 25 de marzo de 2025, la parte demandante presentó una *Oposición a Moción de Reconsideración Parcial*. Entre otras cosas, alegó que "toda moción, alegato y radicaciones ante el foro federal, incluyendo la Contestación a Demanda Enmendada de Costco, se hicieron ante un foro sin jurisdicción, por lo que son nulas e ineficaces."[5]

El 9 de abril de 2025, Costco presentó una *Réplica a la Oposición a 'Moción de Reconsideración Parcial'*. Ese mismo día, Walmart presentó un escrito de *Réplica de Wal-Mart a Oposición a Moción de Reconsideración Parcial*. En síntesis, adujo que la demandante, incluyó a Almacenes Kress de Cayey, Inc., como un nuevo demandante representativo, que amplió la naturaleza de la clase propuesta para incluir a los mayoristas y que añadió una nueva reclamación antimonopolística basada en un estatuto distinto.[6]

El 16 de abril de 2025, la parte demandante presentó una *Dúplica a Réplica a Oposición de Moción de Reconsideración Parcial Presentado por Walmart*. Ese mismo día, instó una *Dúplica a Réplica a Oposición de Moción de Reconsideración Parcial Presentada Por Costco*.

Así las cosas, el 23 de junio de 2025, el TPI celebró una vista. *Surge de la Minuta y* de la transcripción de la vista[7]*,* que los

---

[5] SUMAC TA, recurso de apelación, apéndice entrada 49, página 2.
[6] SUMAC TA, apéndice de la apelación, entrada 57, página 4.
[7] Unida al escrito de oposición de Costco, SUMAC TA, Anejo 3.

abogados de todas las partes argumentaron sus respectivas posiciones sobre lo plasmado en los escritos previamente sometidos. La parte demandante, en síntesis, llevó a la atención del tribunal el normativo de Díaz Rodríguez v. Pep Boys, 174 DPR 262 (2008) y leyó el primer párrafo de referido caso, relacionado al proceder del tribunal de primera instancia, cuando un caso que fue trasladado a la corte de distrito federal de Estados Unidos, es posteriormente devuelto al foro local por no existir jurisdicción federal. El demandante aseveró que, igual que en este caso, el foro supremo, entendió que erró el tribunal de primera instancia al no permitir la presentación de una demanda enmendada.[8] El abogado de los demandantes mencionó que traía el caso porque le parecía extremadamente pertinente y los hechos eran iguales procesalmente que en este caso.[9] Surge además, de la Minuta que en la demanda original no se hizo la distinción de que la parte demandante eran comerciantes al detal, sino comerciantes locales. Señalaron que el caso en este foro estaba en sus comienzos y que la parte demandante tendrá prueba pericial adicional.[10]

Por su parte, Costco, manifestó, a grandes rasgos, que se oponían a la enmienda a la demanda en la cual se incluyeron partes mayoristas y se expandiría la clase. Mencionaron que en la enmienda añadieron nuevas alegaciones de naturaleza conclusorias e insustanciales sobre supuesta colusión entre las codemandadas Wal-Mart y Costco, por lo que no debía ser permitida. Manifestaron que contestaron la demanda mientras se litigaba en el tribunal federal. En particular, argumentó que, "la

---

[8] SUMAC TA, Oposición de Costco, Anejo 3, págs. 18 y 19.
[9] Id, pág. 20.
[10] SUMAC TA, Apelación civil, Minuta, apéndice entrada 66, pág. 5.

parte demandante pretende traer ante la consideración del Tribunal una nueva causa de acción y teoría. Además, indicó que la bifurcación en este caso era necesaria y expresó su intención en presentar una moción a esos fines. Que es un tema complejo y hay incertidumbre sobre la definición de la certificación de clase."[11]

Walmart, en general, expuso que en la segunda demanda enmendada cambiaron la función de la parte que estaba en el pleito, trajeron una parte nueva y añadieron el elemento de mayorista. Que se realizó una alegación de colusión que no fue parte del litigio. Indican que la enmienda realizó cambios importantes en las partes, en las reclamaciones y en la definición de la clase.

Sometido el asunto, el 26 de noviembre de 2025, y notificada el 1 de diciembre de 2025, el tribunal de primera instancia emitió una *Resolución*. El foro primario manifestó que "Costco rechaza la inclusión en la segunda demanda enmendada de alegaciones sobre colusión y acciones concertadas y solidarias." Indicó que, "los demandantes argumentan que las enmiendas atemperan la demanda a las admisiones de Costco en el descubrimiento de prueba. Para sustentar su argumento, las demandantes nos proveen una serie de intercambios durante ciertas deposiciones que, en su opinión, demuestran colusión y acciones concertadas y solidarias."[12] Sobre este particular el foro determinó que,

> En ese sentido, en los párrafos 50 y 59 de la Segunda Demanda Enmendada contienen una relación de hechos que no conforman hechos constitutivos de colusión ni de actuaciones concertadas y solidarias; tampoco se hace referencia a comunicaciones entre Costco y Wal-Mart para actuar en concierto y común

---

[11] SUMAC TA, Apelación civil, Minuta, apéndice entrada 66, pág. 5.
[12] SUMAC TA, Apelación civil, Resolución, apéndice, entrada 79, pág. 4.

acuerdo. Bajo el estándar de estos casos el demandante tiene que formular alegaciones que superen la línea entre lo imaginable y lo factible.[13]

Como asunto adicional, el foro primario evaluó que la definición de la clase en la segunda demanda enmendada cambiaba sustancialmente la naturaleza del caso. Luego, resolvió que, "permitir una enmienda a la definición de la clase cuando ya se completó el descubrimiento de prueba y se han rendido los informes periciales conllevaría un cambio sustancial a las teorías de los casos y, a la vez, se tendría que reabrir el descubrimiento de prueba, rendirse informes periciales enmendados, por lo tanto, no se permite."[14]

El TPI también aludió a la oposición de Walmart a la inclusión de Almacenes Kress de Cayey, Inc. como parte demandante y a la propuesta nueva descripción de Kress Stores. Luego, decretó que, "mediante la presente Resolución, estamos circunscribiendo la propuesta definición de la clase **a los detallistas**. Eso trae como resultado el excluir a Kress Stores of Puerto Rico, Inc. de la demanda de autos ya que es un distribuidor y un almacén."[15]

Por lo anterior, el TPI reconsideró parcialmente el dictamen de permitir la demanda emendada y dispuso:

1. Se permiten las enmiendas para eliminar partes demandantes que ya no forman parte del caso y para incluir a Almacenes Kress de Cayey, Inc.

2. No se permite la enmienda a la definición de la clase.

3. No se permite que Kress Stores of Puerto Rico, Inc. se una como demandante.

---

[13] Íd, pág. 5.
[14] Íd, pág. 6.
[15] SUMAC TA, Resolución, apéndice, entrada 79, pág. 7.

Insatisfecho, Kress Stores of Puerto Rico, Inc., por sí y en representación de la Clase, presentó un recurso intitulado *Apelación Civil*, asignado a la causa TA2025AP00699. En este planteó los siguientes señalamientos:

**Primero**: Erró manifiestamente y abusó de su discreción el TPI al desestimar *sua sponte* la causa de acción de Kress Stores of Puerto Rico, Inc. sin que fuese peticionado por la parte demandada-apelada, entiéndase, sin mediar moción dispositiva alguna, lo cual violentó el principio rector de que nuestro sistema adversativo es rogado.

**Segundo**: Erró manifiestamente y abusó de su discreción el TPI al violentar el debido proceso de ley de Kress Stores of Puerto Rico, Inc. y privarla de su día en corte al desestimar *sua sponte* y sin previo aviso su causa de acción.

**Tercero**: Erró manifiestamente y abusó de su discreción el TPI al *sua sponte* eliminar a Kress Stores of Puerto Rico, Inc. por alegadamente no cumplir con la definición de la clase, sin que se hubiese celebrado la vista de certificación de clase y sin cumplir los procedimientos dispuestos en la Regla 20 de Procedimiento Civil.

De igual manera, inconformes con la misma *Resolución,* Kress Stores of Puerto Rico, Inc.; Almacenes Kress de Cayey, Inc.; J.M.J Appliances Corp.; Valija Gitana, Inc.; y Humberto Vidal, Inc., por sí y en representación de la Clase presentaron una *Petición de Certiorari*, asignado a la causa TA2025CE00929. En esta alegaron la comisión de los siguientes errores:

**Primer error**: El TPI abusó de su discreción y erró al no permitir las enmiendas a la definición de la clase y las alegaciones de colusión expuestas en la segunda demanda enmendada, las cuales debían ser permitidas al amparo de la R. 13.1 de Procedimiento Civil, su jurisprudencia interpretativa y el caso normativo Díaz Rodríguez v. Pep Boys.

**Segundo error**: El TPI abusó de su discreción y erró al dar por cerrado el descubrimiento de prueba, sin que haya comenzado el caso ante el tribunal de Puerto Rico, afectando el derecho constitucional de la clase y sus representantes a un debido proceso de ley.

Por estar íntimamente relacionadas las causas de epígrafe, el 13 de enero de 2026, ordenamos la *consolidación* de estos.

El 17 de febrero de 2026, Walmart[16] y Costco[17] presentaron sus respectivos escritos en oposición a los recursos consolidados.

Sometido el asunto, disponemos.

**II.**

**A.**

La Regla 13.1 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, rige las enmiendas a las alegaciones y estatuye lo siguiente:

> **Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva**. Si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. **En cualquier otro caso**, las partes podrán enmendar su alegación **únicamente** con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; el permiso se concederá liberalmente cuando la justicia así lo requiera. (Énfasis nuestro).

La Regla 13.1 de Procedimiento Civil, permite a las partes en un pleito enmendar sus alegaciones para incluir cuestiones omitidas o para clarificar reclamaciones. Colón Rivera v. Wyeth Pharm., 184 DPR 184, 197 (2012). Las enmiendas pueden ampliar las causas de acción expuestas en la demanda original o pueden añadir una o más causas de acción. Dist. Unidos Gas v. Sunc. Declet Jiménez, 196 DPR 96, 117 (2016); Ortiz Díaz v. R. & R. Motors Sales Corp., 131 DPR 829, 837 (1996).

El requisito del consentimiento del tribunal para una parte poder enmendar sus alegaciones dependerá del momento en que se propone el cambio. León Torres v. Rivera Lebrón, 204 DPR 20, 35 (2020). Conforme dispone la Regla 13.1 de Procedimiento Civil *supra*, **no hará falta la aprobación judicial si la enmienda se**

---

[16] SUMAC TA, entrada 8.
[17] SUMAC TA, entrada 10.

**presenta antes de que se notifique una alegación responsiva**. Si la alegación no admite alegato en respuesta, se permitirá igualmente la enmienda dentro del término pe veinte días de haberse notificado, siempre y cuando el caso no haya sido señalado para juicio León Torres v. Rivera Lebrón, *supra*. (énfasis nuestro)

En los otros supuestos, la autorización para enmendar las alegaciones, a tenor con esta Regla, debe concederse liberalmente. Regla 13.1 de Procedimiento Civil, *supra*; Colón Rivera v. Wyeth Pharm., 184 DPR 184, 198 (2012); S.L.G. Font Bardón v. Mini-Warehouse, 179 DPR 322, 334 (2010). Así que, aunque el tribunal cuenta con discreción para conceder las solicitudes liberalmente, ejercitará su discernimiento guiado por los criterios rectores siguientes: (1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada. León Torres v. Rivera Lebrón, *supra*, págs. 35-36; SLG Font Bardón v. Mini-Warehouse, *supra*; SLG Sierra v. Rodríguez, 163 DPR 738, 748 (2005).

**B.**

En cuanto al proceder el Tribunal de Primera Instancia cuando un caso que fue trasladado a la Corte de Distrito de los Estados Unidos es posteriormente devuelto al foro local por no existir jurisdicción federal, procede remitirnos a la opinión del Tribunal Supremo en Díaz Rodríguez v. Pep Boys, 174 DPR 262 (2008). El referido caso plantea hechos y controversias, aplicables a la presente acción. Allí, en resumen, los demandantes señor Tomás Díaz Rodríguez y Energy Tech presentaron una demanda en el Tribunal de Primera Instancia contra Pep Boys. Por entender que existía jurisdicción federal, el demandado

solicitó la remoción del caso **antes de presentar alegación responsiva** en el tribunal de instancia.  El caso se trasladó a la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico (Corte de Distrito Federal).  Allí, las partes realizaron un extenso **descubrimiento de prueba**, **Pep Boys contestó la demanda** y presentó una reconvención.  Los demandantes **enmendaron la demanda**, y luego, solicitaron presentar una segunda demanda enmendada. La Corte de Distrito Federal no permitió la segunda demanda enmendada.  Ambas partes presentaron **mociones de sentencia sumaria** y sus respectivas oposiciones. Así las cosas, la Corte de Distrito Federal dictó sentencia desestimando la demanda.  Los demandantes apelaron en el Primer Circuito de Boston.  El referido foro concluyó que no existía jurisdicción federal y ordenó la devolución del caso al tribunal estatal.

En el Tribunal de Primera Instancia, los demandantes solicitaron, entre otras cosas, presentar una **demanda enmendada** para recoger el trámite procesal ante el tribunal federal y el descubrimiento de prueba llevado a cabo ante dicho foro.  Para ese petitorio, adujeron los procedimientos ante la Corte de distrito Federal se consideraban nulos ante la ausencia de jurisdicción sobre la materia de dicho foro.  Agregaron que en vista de que **no obraba en el foro estatal una contestación a la demanda** ni una moción dispositiva de los demandados, procedía la presentación de la demanda enmendada.[18]

Pep Boys se opuso porque la enmienda era idéntica a la rechazada por el foro federal en la solicitud de segunda demanda enmendada.  Solicitó que no se permitiera la demanda

---

[18] Díaz Rodríguez v. Pep Boys, supra, pág. 267.

enmendada y que se dictara sentencia sumaria una vez el tribunal de instancia revisara la moción, la oposición y la réplica que fueron presentadas ante el foro federal.

A raíz de lo anterior, el Tribunal de Primera Instancia celebró una vista. En esta, el señor Díaz Rodríguez y Energy Tech sostuvieron que al regresar la controversia ante el foro local el caso quedó en forma idéntica a como estaba cuando sucedió el traslado a la Corte de Distrito Federal, pues dicho tribunal nunca tuvo jurisdicción para atender el recurso. Pep Boys, por su parte, sostuvo que no existe razón para reiniciar el litigio cuando hubo un prolongado procedimiento ante el tribunal federal.[19]

Tras ello, el TPI emitió una Resolución mediante la cual concluyó, entre otras cosas, que, acogería todo lo acontecido ante el tribunal federal, y que consideraría y aceptaría las mociones y alegaciones allí presentadas por las partes. En vista de ello, **denegó la solicitud para enmendar la demanda** presentada por el señor Díaz Rodríguez y Energy Tech.

En revisión, este Tribunal de Apelaciones, concluyó que el Tribunal de Primera Instancia no abusó de su discreción al acoger los trámites procesales y las alegaciones y mociones presentadas ante el foro federal.  El pleito llegó al Tribunal Supremo, quien revocó la Sentencia que emitió el Tribunal de Apelaciones, y entre otras expresiones, determinó que se debió permitir la enmienda a la demanda.  Ello, porque al momento de devolverse el caso a la jurisdicción estatal, lo único que obraba en autos era la demanda originalmente radicada.

Para arribar a esta determinación, el Tribunal Supremo aludió a ciertos postulados en derecho, a saber:

---

[19] Íd.

Una acción civil presentada en un tribunal estatal puede ser trasladada al foro federal, siempre y cuando la Corte de Distrito Federal tenga jurisdicción original sobre el caso. 28 USC sec. 1441(a). Díaz Rodríguez v. Pepboys, *supra*, pág. 269; Roberts v. USO Council, 145 DPR 58, 68 (1998); Junta Dir. Cond. Montebello v. Fernández, 136 DPR 223 (1994). Una vez la radicación de la solicitud de traslado es presentada y notificada oportunamente, opera una paralización automática de los procedimientos ante dicho foro local. 28 USC sec. 1446. Ahora bien, si el tribunal federal determina posteriormente que carece de jurisdicción en el caso o que el traslado se realizó indebidamente, procede la devolución de este al foro estatal de origen (remand) sua sponte o a petición de parte. 28 USC sec. 1447. Díaz Rodríguez v. Pepboys, *supra*, pág. 269.

Plasmó que, es un principio claramente establecido en nuestro ordenamiento que las determinaciones y adjudicaciones realizadas por un tribunal sin jurisdicción son nulas, por lo que carecen de eficacia legal alguna. Díaz Rodríguez v. Pepboys, *supra.* Por tanto, reiteró que es nula cualquier sentencia o resolución que haya dictado y nada significan en cuanto a los hechos que se pretendieron litigar. Díaz Rodríguez v. Pepboys, *supra,* págs. 269-270*;* Sucn. Pacheco v. Eastern Med. Assoc., Inc., 135 DPR 701, 709 (1994); Tartak v. Tribl. de Distrito, 74 DPR 862, 869-870 (1953).

Más adelante el Foro Supremo expresó que,

Ante la ausencia en nuestra jurisdicción de normativa alguna que regule el proceder de los tribunales locales con relación a las mociones y alegatos presentados ante el tribunal federal sin jurisdicción, entendemos que el tribunal que atiende el caso devuelto debe hacer un análisis discrecional de tres elementos esenciales al tomar una determinación al respecto; a saber, 1) la eficiencia y economía procesal, 2) el perjuicio indebido que la adopción o consideración de

> los escritos y mociones pueda ocasionar a las partes, y 3) si tal adopción o consideración evita la pérdida o renuncia de defensas o reclamaciones y favorece que las controversias se resuelvan en los méritos.
>
> En el presente caso, no cabe duda que todos los trámites procesales realizados ante el tribunal federal se llevaron a cabo ante un foro sin jurisdicción, por lo que es nula cualquier sentencia o resolución que haya dictado y nada significan en cuanto a los hechos que se pretendieron litigar. Sucn. Pacheco v. Eastern Med. Assoc., Inc., *supra*. No obstante, ello no implica que el tribunal de instancia no pueda, dentro de los parámetros de su discreción, convalidar y adoptar ciertos trámites realizados ante dicho foro sin jurisdicción si dicha actuación opera a favor de la economía procesal y no afecta los derechos de las partes. A su vez, nada impide que las partes lleguen a un acuerdo en cuanto a la utilización de los escritos radicados o los trámites realizados ante el tribunal federal sin jurisdicción.

Díaz Rodríguez v. Pepboys*, supra.*

Sin embargo, **respecto al tema esencial de "si el tribunal de instancia abusó de su discreción al no permitir la presentación de una demanda enmendada**", el Foro Supremo, decretó, sin ambages que **procedía** la enmienda a la demanda, por lo siguiente:

> En primer lugar, resulta evidente que el foro de instancia debió haber permitido la enmienda a la demanda. **Al momento de devolverse el caso a la jurisdicción estatal, lo único que obraba en autos era la demanda originalmente radicada por el señor Díaz Rodríguez y Energy Tech**. La Regla 13.1 de Procedimiento Civil permite a cualquier parte a enmendar sus alegaciones una vez en cualquier momento antes de habérsele notificado una alegación responsiva. 32 LPRA Ap. III R. 13.1. Díaz Rodríguez v. Pepboys*, supra,* pág. 272.

Agregó el foro Supremo que, "los procedimientos iniciales ante el tribunal de instancia fueron paralizados en virtud de la moción de traslado, **por lo que aún no se había presentado alegación responsiva alguna ante el tribunal de instancia, incluso después de la devolución del caso.** Por tanto, **en esa etapa no existía impedimento** alguno para que el señor Díaz Rodríguez y Energy Tech presentaran la demanda enmendada."

Díaz Rodríguez v. Pepboys, *supra*, págs. 272-273. (Énfasis nuestro).

En cuanto al descubrimiento de prueba realizado en la esfera federal, el Tribunal Supremo manifestó que ese procedimiento se puede convalidar si beneficiaba a todas las partes, pues repetir el descubrimiento de prueba resultaría muy oneroso e ineficiente para la resolución justa y económica de la controversia. Díaz Rodríguez v. Pepboys, *supra*, pág. 274. Agregó, que, no obstante, al así hacerlo el tribunal de instancia debía tener presente que la aceptación de los escritos presentados ante el foro federal no menoscabe los derechos de las partes ni suponga una abdicación de sus facultades adjudicativas. Díaz Rodríguez v. Pepboys, *supra*.

## C.

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023); Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023); McNeil Healthcare v. Mun. Las Piedras, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIC, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).   Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del Foro Apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016).

En particular, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece los preceptos que regulan la expedición del recurso discrecional de *certiorari*, para la revisión de

determinaciones interlocutorias del Tribunal de Primera Instancia.  En lo pertinente, la regla dispone que,

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Al evaluar un recurso de *certiorari* nuestros oficios se encuentran enmarcados en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, págs. 68-69, 215 DPR ___ (2025), la cual señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida Regla establece los siguientes criterios:

> A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C.  Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales

deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es norma reiterada que los jueces de instancia tienen gran flexibilidad y discreción para lidiar con el manejo diario y tramitación de los asuntos judiciales. BPPR v. SLG Gómez-López, supra, págs. 333-334; In re Collazo I, 159 DPR 141, 150 (2003). Ahora bien, la discreción cede en las circunstancias en las que se configura un craso abuso de esta o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal **o de derecho sustantivo**, y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. BPPR v. SLG Gómez-López, *supra*; Rivera et al. v. Arcos Dorados et al., *supra.* El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. BPPR v. SLG Gómez-López, *supra*, pág. 335; SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 434-435 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000).

### III.

En nuestra revisión de los recursos consolidados determinamos atender el primer señalamiento de error propuesto en el recurso de *certiorari* asignado al TA2025CE00929.

Kress alegó que, conforme al caso normativo de *Díaz Rodríguez*, supra, el TPI debió permitir la enmienda a las alegaciones en este caso. Esbozó que la parte demandada no había contestado las alegaciones de la parte demandante. Recalcó que la jurisprudencia aplicable al caso es *Díaz Rodríguez v. Pepboys,* supra, en el que se permitió una enmienda a las alegaciones, tras ser devuelto el caso al foro local, toda vez que la parte demandada no había presentado su alegación responsiva. Sostuvo que igual ocurría en el presente caso en el que la parte demandada no había presentado la alegación responsiva. Por ello, indicó que se debía resolver la controversia conforme a la referida normativa, la cual era vinculante para el TPI.

Sobre este particular, Walmart alegó que la segunda demanda enmendada estaba sujeta a la autorización del tribunal.

Mientras, Costco sostuvo que los demandantes mencionaron por primera vez el caso de *Díaz Rodríguez* v. *Pep Boys*, durante su argumentación en la vista oral del 23 de junio de 2025. Adujeron que, *Díaz Rodríguez v. Pep Boys,* era relevante, para "reafirmar el uso legítimo de la sana discreción judicial al momento de reconocer o rechazar descubrimiento de prueba, mociones, y alegaciones presentadas en un foro que posteriormente se determinó carecía de jurisdicción."[20]

Evaluados los escritos de las partes, junto a los hechos que informa esta causa, a tenor con la Regla 13.1 de Procedimiento Civil, procede revocar la Resolución aquí recurrida. Así mismo, es aplicable la opinión del Tribunal Supremo de Puerto Rico en *Díaz Rodríguez v. Pep Boys*, supra. Este caso lo incluyó el

---

[20] SUMAC TA, entrada 10, Escrito de oposición de Costco, pág, 39.

demandante en su ponencia ante el foro primario en la vista celebrada el 23 de junio de 2025 y no podía ser soslayado.

Según reseñado en el trámite procesal, antes de contestar la demanda enmendada, Costco acudió a la jurisdicción del Tribunal de Distrito Federal en Puerto Rico.   En consecuencia, el 10 de septiembre de 2020, el TPI desestimó sin perjuicio la acción por razón de "Removal" a la Corte Federal.

Transcurrió más de cuatro (4) años en la esfera federal.  Allí, al igual que en *Díaz Rodríguez v. Pep Boys*, el caso siguió su curso, la parte demandante enmendó la demanda, el demandado contestó, las partes llevaron a cabo un descubrimiento de prueba y presentaron mociones de sentencia sumaria.  No obstante, la acción fue desestimada por falta de jurisdicción y retornó al TPI, similar a lo ocurrido en *Díaz Rodríguez v. Pep Boys*.

Una vez el caso regresó al foro local, continuó en forma idéntica a como estaba cuando ocurrió el traslado a la Corte de Distrito Federal.  Lo que existía en el TPI era la **demanda enmendada**, **sin contestación** y así continuó el caso, una vez el foro federal se declaró sin jurisdicción.  Ante la ausencia de jurisdicción del foro federal, el TPI no podía convalidar el escrito de la contestación a la demanda que ocurrió en aquel foro, tal como sucedió en *Díaz Rodríguez v. Pep Boys*.

En consecuencia, al no existir una contestación a las alegaciones, incluso cuando el caso regresó al Tribunal de Primera Instancia, procedía aplicar la primera parte de la Regla 13.1 de Procedimiento Civil, que dispone que "cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva."  Cónsono a ello, el Tribunal Supremo afirmó que, "[c]onforme dispone la Regla 13.1 de Procedimiento Civil *supra*, **no hará falta la aprobación**

**judicial si la enmienda se presenta antes de que se notifique una alegación responsiva**. *León Torres v. Rivera Lebrón*, *supra*. Por tanto, al volver el caso a la jurisdicción estatal, el demandante podía enmendar nuevamente la demanda, sin que fuese necesaria la aprobación del Tribunal de Primera Instancia.

Reiteramos que así quedó pautado en *Díaz Rodríguez v. Pep Boys*, cuando el Tribunal Supremo determinó que, "resulta evidente que el foro de instancia debió haber permitido la enmienda a la demanda. Al momento de devolverse el caso a la jurisdicción estatal, lo único que obraba en autos era la demanda originalmente radicada por el señor Díaz Rodríguez y Energy Tech. La Regla 13.1 de Procedimiento Civil permite a cualquier parte a enmendar sus alegaciones una vez en cualquier momento antes de habérsele notificado una alegación responsiva. 32 LPRA Ap. III R. 13.1. Díaz Rodríguez v. Pepboys*, supra,* pág. 272.

Ante ello, resulta forzoso dejar sin efecto la Resolución que emitió el TPI. Como el primer error del recurso de *certiorari* fue cometido, resulta innecesario adentrarnos en los siguientes señalamientos de error.

## IV.

Por lo antes mencionado, expedimos el recurso consolidado de epígrafe y revocamos la *Resolución* que emitió el foro de primera instancia, el 26 de noviembre de 2025. Se devuelve al foro primario para la continuación de los procesos.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones